Andy Katz (SBN #264941)
Law Offices of Andy Katz
2001 Addison Street, Suite 300
Berkeley, CA 94704
510-465-4400
andy@andykatzlaw.com

Attorney for Plaintiff Anthony Lewis

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY LEWIS,<br>    Plaintiff<br><br>V.<br><br>TESLA, INC, et al.<br>    Defendants | Case #: 3:24-CV-08178-SK<br><br>PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO COMPELL ARBITRATION<br><br>Date: July 30, 2025<br>Time: 11 AM<br><br>Judge: Hon. Araceli Martinez-Olguin<br><br>Complaint Filed: October 21, 2024<br>Removal Date: November 20, 2024<br>Trial Date: None Set |

## I. Introduction

This Court's order requiring supplemental briefing on which party bears the burden of establishing EFAA applicability addresses a question that none of the leading federal EFAA decisions, some decided since briefs were filed on this motion, have directly addressed.

## II. Tesla Bears Initial Burden Under Established Arbitration Principles

### A. General Arbitration Burden Framework Applies

Under federal arbitration law, "the party seeking to compel arbitration bears the initial burden of demonstrating that an agreement to arbitrate exists." *Davitashvili v. Grubhub*, 131 F.4th 109, 112 (2nd Cir. 2025) Once plaintiff raises a statutory exemption that permits their election to file in court, the burden shifts to the moving party to prove the exemption doesn't apply by preponderance of evidence. Tesla, as the moving party seeking to compel arbitration, must first establish both the existence of a valid arbitration agreement and that Plaintiff's claims fall within its scope before any burden shifts to Plaintiff regarding EFAA applicability.

### B. Burden Shifts to Tesla on EFAA Challenge

Once Plaintiff raises EFAA as a statutory exemption, the burden should shift to Tesla to prove by preponderance of the evidence that EFAA does not apply. This approach aligns with cases decided under EFAA. The Eighth Circuit's disposition in *Famuyide* reinforces that Tesla, as the moving party seeking arbitration despite EFAA's potential applicability, bears the burden to develop and present evidence establishing that EFAA does not apply. *Famuyide v. Chipotle Mexican Grill, Inc.*, 111 F.4th 895, 899 (8th Cir. 2024) In *Memmer*, when the court found factual development necessary regarding dispute timing, it remanded "for the district court to decide and, if needed, obtain a factual record" on when the dispute arose. This shows that when temporal EFAA issues of fact are disputed, the court expects the moving party to develop the factual record supporting their position. *Memmer v. United Wholesale Mortgage, LLC*, 135 F.4th 398, 415 (6th Cir. 2025) Here, while Plaintiff experienced harassment prior to 2022, no formal dispute arose until Plaintiff filed this lawsuit on October 21, 2024. The burden allocation should therefore favor straightforward application: once Plaintiff demonstrates the lawsuit was filed

post-March 3, 2022, Tesla should bear the burden of proving any pre-EFAA dispute through clear evidence rather than forcing Plaintiff to prove a negative.

### III.  Tesla's Approach Creates Disfavored "Arcane Riddles" About Dispute Timing

A.  *Bissonette* Rejected Complex Requirements Not Found in Statutory Text

The Supreme Court in *Bissonnette* expressly rejected judicial approaches that create unnecessary complexity in arbitration determinations. *Bissonnette v. LePage Bakeries Park St., LLC*, 601 U.S. 246, 252 (2024) The Court criticized tests that would "turn on arcane riddles" about timing and causation, requiring "extensive discovery" before deciding simple motions to compel arbitration. Such approaches create "complexity and uncertainty" that would "breed litigation from a statute that seeks to avoid it." *Id.* at 252-53. By requiring Plaintiff to prove no "dispute" existed before March 3, 2022, Tesla's approach would force courts into complex factual inquiries about when internal workplace disagreements first arose versus when formal legal controversies developed. Defendant's Reply, p.p. 2, 5 These timing requirements create exactly the type of "arcane riddles" about when internal disagreements became formal disputes that *Bissonnette* rejected, contradicting the Supreme Court's directive that courts should avoid adding requirements "without any guide in the text" of arbitration statutes. *Id.* at 252.

B.  Federal Circuit Consensus Supports Burden Allocation Favoring EFAA Protection

Multiple federal circuits have now established that "disputes" under EFAA arise when parties take adversarial positions such as filing a complaint in court, not when underlying conduct occurs, creating a clear framework that supports shifting evidentiary burdens to defendants seeking arbitration. The 6th Circuit in *Memmer* held that disputes arise "when the parties became adverse to one another" through formal actions like filing lawsuits or administrative charges. *Memmer v. United Wholesale Mortgage, LLC*, 135 F.4th 398, 415 (6th Cir. 2025) The Third Circuit held in *Cornelius* that defendants seeking arbitration must prove disputes arose before EFAA by showing concrete evidence of 'disagreement' between parties, not merely underlying conduct. *Cornelius v. CVS Pharmacy Inc*, 133 F.4th 240, 250 (3d Cir. 2025). The court rejected defendant's timing arguments without requiring plaintiff to prove no earlier dispute existed, demonstrating how burden should operate in practice. This places the

evidentiary burden squarely on Tesla to demonstrate through clear evidence that formal adversarial positions existed pre-March 2022.

### IV. Congress's Express Choice to Exempt a "Case" Strengthens Burden Framework and Advances EFAA's Protective Purpose

The EFAA's expressly broad coverage of cases relating to sexual harassment disputes reinforces burden allocation favoring harassment victims. Congress deliberately used "case" rather than "claim" in § 402(a), demonstrating intent to exempt entire lawsuits rather than parsing individual claims. This choice supports placing the burden on Tesla to prove EFAA doesn't apply to the entire case, rather than forcing Plaintiff into complex claim-by-claim burden disputes about which specific allegations relate to sexual harassment. The Second Circuit held that retaliation claims "relating to" sexual harassment fall within EFAA scope because retaliation "is reasonably related to the underlying discrimination." *Olivieri v. Stifel, Nicolaus & Company, Inc.*, 112 F.4th 74, 95 (2d Cir. 2024). This broad interpretation of "relates to" demonstrates Congress intended EFAA to protect entire cases involving sexual harassment. Courts must respect Congress's explicit word choices without judicial additions. *Bissonnette v. LePage Bakeries Park St., LLC*, 601 U.S. 246, 252 (2024).

### V. Conclusion

Tesla bears the initial burden to establish a valid arbitration agreement, and after Plaintiff raises the exemption the burden shifts to Tesla to prove EFAA doesn't apply. The Federal circuit consensus establishes that "disputes" arise through formal adversarial positions, not underlying conduct. Since Plaintiff's lawsuit created the formal dispute in 2024, Tesla must prove that any pre-EFAA dispute existed.

Dated: July 14, 2025                                           Andy Katz