UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEWIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TESLA, INC.,<br><br>　　　　Defendant. | Case No. 24-cv-08178-AMO<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT, OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 44 |

Before the Court is Plaintiff Anthony Lewis's motion to alter or amend judgment, or in the alternative, motion for leave to file a motion for reconsideration. Having read the parties' papers and carefully considered their arguments therein, as well as the relevant legal authority, the Court **DENIES** the motion for the following reasons.

### I. LEGAL STANDARD

A motion to alter or amend a judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations and quotations omitted). Relief is warranted only if: (1) there is newly discovered evidence that could not have been discovered earlier with reasonable diligence; (2) the court committed clear error or the decision was manifestly unjust; (3) there is an intervening change in controlling law; or (4) other highly unusual circumstances exist. *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Evidence is not "newly discovered" if it was available before the original judgment. *See Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985). Rule 59(e) is not a vehicle

to relitigate issues or present evidence that could have been raised earlier. *See Zimmerman v. City of Oakland,* 255 F.3d 734, 740 (9th Cir. 2001).

Under Civil Local Rule 7-9, a party seeking reconsideration of an interlocutory order must first obtain leave of court and show: (1) a material difference in fact or law unknown despite diligence; (2) new material facts or a change in law after the order; or (3) a manifest failure by the court to consider material facts or dispositive arguments. Civ. L.R. 7-9(b). The motion may not repeat prior arguments. Civ. L.R. 7-9(c).

**II. DISCUSSION**

This order assumes familiarity with the factual allegations underlying this case. On September 16, 2025, this Court issued an order granting Defendant Tesla, Inc.'s motion to compel arbitration and stay proceedings pending arbitration. Dkt. No. 43. The Court found that Lewis failed to meet his burden to establish that the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (EFAA), 9 U.S.C. §§ 401-402, applied as Lewis presented no evidence regarding the date Lewis filed his administrative complaint with the California Civil Rights Department (CCRD). The Court further determined that the arbitration agreement was not unconscionable.

Lewis moves to alter or amend the judgment, submitting a March 28, 2024 CCRD Right to Sue Notice as "newly discovered evidence" and arguing clear error, manifest injustice, and an intervening change in law. Dkt. No. 44. Tesla opposes, contending the evidence was available earlier, there was no clear error or injustice, and no change in controlling law. Dkt. No. 45. In his reply, Lewis raised new arguments, including that the Court's order is interlocutory and subject to reconsideration under Federal Rule of Civil Procedure 54(b) rather than Rule 59(e), that the Court "patently misunderstood" California's right-to-sue process, and expanded analyses of recent circuit court decisions. Dkt. No. 46.

As a threshold matter, arguments raised for the first time in Lewis's reply—including the applicability of Rule 54(b)—are waived and will not be considered. *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("arguments raised for the first time in a reply brief are waived"). The Court addresses only the arguments properly raised in Lewis's opening motion.

**A. No Newly Discovered Evidence**

Lewis's primary argument relies on a March 28, 2024 CCRD Right to Sue Notice, which he claims is newly discovered evidence because its legal significance only became apparent after the Court's order. This argument is deficient in several respects.

First, the Right to Sue Notice is not newly discovered or substantially different. Indeed, Lewis concedes the Notice was in his counsel's possession well before the Court's order. Dkt. No. 44 at 22, ¶ 4. Its relevance was foreseeable: Lewis bore the burden to prove EFAA applicability, and his complaint explicitly referenced CCRD exhaustion. Dkt. No. 1-1 ¶ 8 ("Compl."). The Court's supplemental briefing order on the EFAA burden provided ample opportunity to submit the Notice. Dkt. No. 38. Reconsideration is not available for evidence a party could have discovered and produced earlier with reasonable diligence. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009); *Berman v. Freedom Fin. Network, LLC,* No. 18-cv-01060-YGR, 2020 WL 6684838, at *5 (N.D. Cal. Nov. 12, 2020) (denying motion for reconsideration of order denying motion to compel arbitration). Lewis's papers do not explain why the Notice could not have been submitted during the seven months of briefing, including supplemental submissions. In addition, Lewis has not demonstrated reasonable diligence as required by Civil L.R. 7-9(b)(1). His motion repeats arguments from his opposition to the motion to compel, violating Civil L.R. 7-9(c)'s prohibition on repetition. Lewis's "failure to act diligently and argue persuasively does not entitle [him] to a second bite at the apple." *Berman,* 2020 WL 6684838, at *5

**B. No Clear Error or Manifest Injustice**

Lewis argues the Court committed clear error by misapprehending California's immediate right-to-sue process and that denying reconsideration would cause manifest injustice. This argument lacks merit. The Court's order correctly applied *Kader v. S. Cal. Med. Ctr., Inc.*, 99 Cal. App. 5th 214 (2024), finding the dispute arose no later than the CCRD filing date, which Lewis failed to prove was post-EFAA. Dkt. No. 43 at 5-6. The order was based on the record presented, and Lewis's failure to meet his burden does not constitute error. No manifest injustice arises from holding Lewis to his evidentiary obligations.

3

**C. No Change in Controlling Law or Clarification Warranting Reconsideration**

Finally, Lewis contends that out-of-circuit decisions like *Memmer v. United Wholesale Mortg., LLC*, 135 F.4th 398 (6th Cir. 2025), and *Cornelius v. CVS Pharmacy, Inc.*, 133 F.4th 240 (3d Cir. 2025), present an intervening change or clarification of law. This argument fails. These non-binding decisions do not constitute an intervening change in controlling law under FRCP 59(e) or even a material clarification under FRCP 54(b). *See Kona Enters.*, 229 F.3d at 890 (reconsideration requires a shift in binding precedent). Further, the decisions affirm the EFAA's non-retroactivity and emphasize fact-specific inquiries, consistent with the Court's order. *See Memmer*, 135 F.4th at 407-13; *Cornelius*, 133 F.4th at 246-48. Lewis's papers ignore that these recent decisions do not alter Ninth Circuit law or compel a different outcome here. Even if persuasive, these cases do not undermine the order's finding that Lewis failed to meet his burden on the record presented. They reinforce the need for evidentiary support, which Lewis lacked initially.

**III. CONCLUSION**

For the foregoing reasons, Lewis's motion is DENIED. The stay of proceedings remains in effect, and the parties shall file a joint status report by March 15, 2026, and every 90 days thereafter, updating the Court on the status of arbitration.

**IT IS SO ORDERED.**

Dated: January 2, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**